# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alberto Aviles,                              :
                                             :
                 Petitioner                  :
                                             :
            v.                               : No. 2523 C.D. 2015
                                             : Submitted: June 17, 2016
Pennsylvania Board of                        :
Probation and Parole,                        :
                                             :
                 Respondent                  :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  September 8, 2016**


Alberto Aviles (Petitioner) petitions for review of a determination of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal of a Board order recommitting him as a convicted parole violator to serve 24 months backtime and recalculating his maximum sentence date to July 14, 2020.  For the following reasons, we affirm.

In 2010, Petitioner was sentenced by the Philadelphia County Court of Common Pleas to an aggregated term of 4 years, 2 months to 10 years of incarceration for two counts of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance.  (Certified Record (C.R.) at 1,

Sentence Status Summary.) The original maximum date for this sentence was December 26, 2019. (*Id.*) Petitioner was paroled on February 27, 2014. (C.R. at 19, Order to Release on Parole/Reparole.)

On June 18, 2014, Petitioner was arrested in Philadelphia for new drug charges involving heroin; the Philadelphia County Court of Common Pleas set bail on June 19, 2014, and immediately released Petitioner on Released on Recognizance (ROR) bail. (C.R. at 45, Criminal Docket.) The Board detained Petitioner on June 18, 2014 (C.R. at 20, Warrant to Commit and Detain), and he was returned to a State Correctional Institution (SCI) on June 19, 2014. (C.R. at 59, Moves Report.) On February 10, 2015, Petitioner pled guilty to Manufacture, Sale, Delivery, or Possession with Intent to Deliver a Controlled Substance – Heroin (C.R. at 45, Criminal Docket), and he was sentenced to serve a new 1 year to 2 year term in an SCI. (C.R. at 39, Order – Negotiated Guilty Plea.)

On April 10, 2015, Petitioner waived his right to a parole revocation hearing and to counsel at that hearing and the Board subsequently voted to recommit Petitioner as a convicted parole violator to serve 24 months backtime,[1] denying him credit for time at liberty on parole and recalculating his new maximum date as July 14, 2020. (C.R. at 36, Waiver of Revocation Hearing and Counsel/Admission Form; C.R. at 60, Order to Recommit; C.R. at 62-63, Notice of Board Decision.) With regard to the issue of credit for time at liberty on parole, the Board checked "No" on the line of the Revocation Hearing Report that states

---

[1] Backtime is a penalty imposed by the Board for a parole violation; it is "that part of an existing judicially imposed sentence that a parole violator is required to serve as a result of violating the terms of conditions of parole prior to being eligible to again apply for parole." *Santiago v. Pennsylvania Board of Probation and Parole*, 937 A.2d 610, 616 n.2 (Pa. Cmwlth. 2007).

"BOARD ONLY – Credit time spent at liberty on parole: [ ] No [ ] Yes (Excluded offenses on pg. 8)." (C.R. at 53-58, Hearing Report.)

Petitioner filed, *pro se*, a timely administrative appeal, in which he asserted that the Board erred in assigning him a recomputed reparole eligibility date of September 18, 2016 and a maximum sentence date of July 14, 2020. Petitioner also specifically challenged the imposition of 24 months of backtime, asserting that it was excessive and outside the presumptive range set forth in 37 Pa. Code § 75.2. (C.R. at 64-65, Petition for Administrative Relief.)

On November 17, 2015, the Board denied Petitioner's appeal, and Petitioner has timely appealed the Board's denial of his appeal to this Court.[2]

First, we reject Petitioner's challenge to the period of backtime imposed by the Board. Presumptive ranges for convicted parole violators are set forth in 37 Pa. Code § 75.2. For drug offenses, the range is based upon the maximum term of imprisonment for the offense; the statutory maximum term of imprisonment for Petitioner's felony drug conviction is fifteen years, and therefore carries a presumptive recommitment range of 24 months to 36 months. 37 Pa. Code § 75.2. The 24 months imposed by the Board is therefore within, and is even on the low end of the presumptive range. Where, as in the case *sub judice*, the amount of backtime does not exceed the presumptive recommitment range, both this Court and our Supreme Court have ruled that courts will not review the Board's imposition of backtime, *Smith v. Pennsylvania Board of Probation and*

---

[2] Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

3

*Parole*, 574 A.2d 558, 560 (Pa. 1990); *Lotz v. Pennsylvania Board of Probation and Parole*, 548 A.2d 1295, 1296 (Pa. Cmwlth. 1988), and we will not do so here.

Petitioner's arguments with regard to the manner in which the Board recalculated his reparole eligibility date and maximum sentence dates are equally without merit. As the Board explained in its November 17, 2015 correspondence, Petitioner's maximum sentence date on February 27, 2014, the date he was paroled, was December 26, 2019; this translated to 2,128 days remaining on his original sentence. (C.R. at 67, Board Response.) Petitioner received no credit for the period of time he was at liberty on parole, so that on May 11, 2015, the date he was recommitted as a convicted parole violator, he still had 2,128 days remaining on his sentence. (C.R. at 60, Order to Recommit.) The Board properly gave Petitioner 237 days of credit for the period from June 18, 2014 to February 10, 2015, during which Petitioner was held solely on the Board's detainer, and the Board properly withheld credit on his original sentence for the period he was incarcerated between his sentencing date of February 10, 2015 and May 11, 2015, because he had not yet been recommitted as a convicted parole violator.[3] (C.R. at 68, Board Response.) Consequently, the Board correctly subtracted the 237 days credit from the 2,128 days remaining to calculate that Petitioner had 1,891 days

---

[3] Our Supreme Court has held that any pre-sentence period of confinement where a convicted parole violator is incarcerated on new criminal charges *and* a Board detainer must apply to the new sentence. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980). Conversely, any period that a convicted parole violator was incarcerated solely on the board detainer must be applied to the original sentence. *Id.* Here, the Board properly credited Petitioner with the period from his arrest up until the date on which he pled guilty and was sentenced, as he was held during that period solely on the Board's detainer. As noted by the Board, credit for the period during which Petitioner was incarcerated between his sentencing date and his recommitment date will be calculated and applied by the Department of Corrections against his new sentence. (C.R. at 68, Board Response.)

4

remaining at the time of recommitment, for a maximum sentence date of July 14, 2020. Applying 24 months of backtime to the May 11, 2015 recommitment date,[4] and deducting the 237 days of credit yields the proper parole eligibility date of September 18, 2016.

Before this Court, Petitioner also argues that the Board lacked authority to extend his maximum date and to deny him credit for the time he spent at liberty on parole or 'street time.' Petitioner further challenges the manner in which Petitioner's parole was revoked, suggesting that a timely revocation hearing was not held and that the Board otherwise violated his due process rights by failing to inform him that he might be denied credit for street time. The record makes clear that Petitioner did not raise these issues before the Board, and this Court has ruled that an issue not raised in an administrative appeal to the Board is waived. *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-1095 (Pa. Cmwlth. 1993). However, even if Petitioner had raised these claims in his administrative appeal, he would not be entitled to relief.

The Pennsylvania Supreme Court has made clear that the Board's authority to recalculate the sentence of a convicted parole violator and thereby extend his maximum sentence date "is not an encroachment upon the judicial sentencing power." *Young v. Commonwealth Board of Probation and Parole*, 409 A.2d 428, 437 (Pa. 1979). Further, Section 6138(a)(2.1) of the Prisons and Parole Code provides the Board with discretion to award credit towards a convicted

---

[4] Petitioner did not become available to begin serving his original sentence until May 11, 2015, the date the Board voted to recommit him as a parole violator. Our Court has held that a convicted parole violator does not become available to serve the original sentence again until parole is revoked, and service of backtime on an old sentence must be computed from and begin on that date. *Campbell v. Commonwealth of Pennsylvania*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980).

5

parole violator's maximum term expiration date for time spent at liberty on parole, except where the parolee falls within one of three disqualifying categories of convicted parole violators. 61 Pa. C.S. § 6138(a)(1)-(2.1).[5]

---

[5] Under the prior version of Section 6138, recommitment without credit for time at liberty on parole was mandatory; this regime was altered on September 4, 2012, when the Act of July 5, 2012, P.L. 1050, No. 122, went into effect, adding language to Paragraph 2 and adding Paragraph 2.1 to Section 6138(a) of the Prisons and Parole Code. Section 6138(a) of the Prisons and Parole Code now provides, in relevant part:

> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so ordered, *the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.*
>
> *(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless* any of the following apply:
>
>> *(i)     The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).*
>>
>> *(ii)     The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).*

61 Pa. C.S. § 6138(a)(1)-(2.1) (emphasis added). The disqualifying categories in Paragraph 2.1 that continue to require denial of credit do not apply here.

As noted by the Board, this Court has most recently addressed the exercise of the Board's discretion in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016) (*en banc*). In *Pittman*, we held that the checking of the "No" box on the "[c]redit time spent at liberty on parole" line in its hearing report "demonstrates that the Board exercised discretion in denying [inmate] credit for time he spent at liberty on parole," and concluded that "the Board was not required to issue a statement of reasons for its decision" to deny credit. 131 A.3d at 609-10, 616.[6] We find no abuse of discretion on the part of the Board in its decision to deny Petitioner credit for time spent at liberty on parole.

Finally, with regard to Petitioner's suggestion that his due process rights were denied, we note that having been advised of his right to a parole revocation hearing, and to be represented by counsel at such hearing, Petitioner signed a waiver of such rights on April 10, 2015, sixty days after he entered his guilty plea, "[w]ith full knowledge and understanding" of his rights. (C.R. at 36, Waiver of Revocation Hearing and Counsel/Admission Form.) Section 71.4(1) of the Board's Regulations states in pertinent part that "[a] revocation hearing shall be held within 120 days from the date the Board received official verification…of the guilty verdict at the highest trial court level...." 37 Pa. Code § 71.4(1). Moreover, this Court has held that based upon the express provisions of Section 71.4(1), a convicted parole violator waives his right to challenge the timeliness of his revocation hearing when he expressly waives his right to have a hearing in the first

---

[6] On May 23, 2016, the Pennsylvania Supreme Court granted allowance of appeal in *Pittman* to address the following question: "Did the Parole Board abuse its discretion by summarily denying petitioner credit against his maximum sentence for time that he spent at liberty on parole following his recommitment as a convicted parole violator?" *Pittman v. Pennsylvania Board of Probation and Parole*, __ A.3d __ (Pa., No. 90 MAL 2016, filed May 23, 2016).

7

place. *Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073, 1075 (Pa. Cmwlth. 2013). In addition, at the time Petitioner was granted parole, he signed, on February 26, 2014, a document setting forth the conditions of his parole that included the statement, "[i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." (C.R. at 16-18, Conditions Governing Parole/Reparole.) We find no merit in Petitioner's objections to timeliness or claims of due process violations.

For the foregoing reasons, the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alberto Aviles, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 2523 C.D. 2015 |
| | : | |
| Pennsylvania Board of | : | |
| Probation and Parole, | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 8th day of September, 2016, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**